UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:07-CV-1566-G |
| RODRIGO VIGIL MONTELONGO, | ) | |
| | ) | **ECF** |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff, the United States of America ("the plaintiff" or "the government"), to strike the defendant's affirmative defense of estoppel. For the reasons set forth below, the motion to strike is granted and the defendant's motion to dismiss is denied.

I. BACKGROUND

On February 21, 1995, the defendant, Rodrigo Vigil Montelongo ("the defendant" or "Montelongo"), filed with the United States Immigration and

Naturalization Service (the "INS"), an Application for Naturalization, Form N-400.[1] *See* Plaintiff's Complaint to Revoke Naturalization ("Complaint") ¶ 5. Part of the application asked the defendant whether he had ever been ordered deported. *Id.* ¶ 7. The defendant answered "no" and signed his application under penalty of perjury, thereby certifying that the information was true and correct. *Id.* ¶¶ 8, 9.

The government initiated this case on September 13, 2007, under section 340(a) of the Immigration and Nationality Act of 1952 ("the INA"), 8 U.S.C. § 1451(a), to revoke the citizenship of the defendant, on the grounds that his citizenship was procured illegally and by willful misrepresentation of material facts. *See generally* Complaint. The defendant answered the complaint on December 7, 2007, generally denying the allegations in the government's complaint and asserting the affirmative defense of estoppel. *See generally* Defendant's Original Answer ("Answer"). On December 19, 2007 the government filed this motion to strike, arguing that estoppel is not a valid defense against the government in a naturalization revocation proceeding, and furthermore that there is no statute of limitations in naturalization revocation proceedings.[2] *See generally* Plaintiff's Motion to Strike

---

[1] Although the Department of Homeland Security currently operates the department that was formerly known as the Immigration and Naturalization Service, the change does not affect the instant matter, and the court will refer to the INS throughout.

[2] The statute of limitations argument briefed by the government has not yet been raised by the defendant. Consequently, the court will not address the issue.

Affirmative Defense and Opposition to Defendant's Motion to Dismiss ("Motion to Strike").

Additionally, to the extent that Montelongo's affirmative defense may be construed as a motion to dismiss the government's complaint, the government requests that the court deny the motion. *Id.* Montelongo never filed a response to the government's motion.

## II. ANALYSIS

### A. Motion to Strike Affirmative Defenses

Rule 12(f) of the Federal Rules of Civil Procedure provides:

> (f) Motion to Strike. Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Motions to strike are disfavored and infrequently granted. *Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962); *Federal Deposit Insurance Corporation v. Niblo*, 821 F.Supp. 441, 449 (N.D. Tex. 1993) (Cummings, J.) ("Both because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted."). To succeed on a motion to strike, the movant must show "that the allegations being

challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Niblo*, 821 F.Supp. at 449 (addressing the standard in the context of a motion to strike defenses in an answer). A court must deny a motion to strike a defense if there is any question of law or fact. *Id*. A Rule 12(f) motion to strike a defense is proper, however, when the defense is insufficient as a matter of law. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983). The granting of a motion to strike is within the discretion of the court. *Niblo*, 821 F.Supp. at 449.

## B. Estoppel

The defendant, in his original answer, argues that he "should not be stripped of his United States Citizenship [because the government] had actual or constructive knowledge of Defendant's alleged order of deportation" yet still proceeded to process the application. *See* Answer at 3. Estoppel, however, is generally not available as a defense against the government. *Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51, 60 (1984) ("When the Government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of the citizenry as a whole in obedience to the rule of law is undermined. It is for this reason that it is well settled that the Government may not be estopped on the same

terms as any other litigant."). The issue of estoppel in an immigration context was addressed in *United States Immigration and Naturalization Service v. Hibi*, 414 U.S. 5 (1973). The Supreme Court held that the respondent's "effort to claim naturalization under a statute which by its terms had expired more than 20 years before he filed his lawsuit must therefore fail." *Id.* at 9. While the facts of *Hibi* are dissimilar from the instant case, the basic principle regarding the defense of estoppel in naturalization cases remains the same. Here, the government granted Montelongo's naturalization application based in part on misinformation provided by Montelongo. Any delay by the government in acting upon the discovery of the truth is not to be construed against it. See also *Immigration and Naturalization Service v. Pangilinan*, 486 U.S. 875, 883 (1988) ("[N]ormal estoppel rules applicable to private litigants [do] not apply to the INS since . . . [the INS] is enforcing the public policy established by Congress.") (brackets in original).

Accordingly, the court grants the government's motion to strike Montelongo's estoppel defense because the defense is insufficient as a matter of law.

### III. CONCLUSION

For the reasons stated above, the government's motion to strike the defendant's affirmative defense of estoppel is **GRANTED**. It necessarily follows that the defendant's motion to dismiss on the basis of estoppel must be **DENIED**.

**SO ORDERED**.

March 3, 2008.

_____
**A. JOE FISH
Senior United States District Judge**